UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
UNITED STATES OF AMERICA

ANGELA HERRINGTON ON BEHALF OF
CHRISTIANA THOMAS &                              CA: _____
WYATT HERRINGTON, MINORS

VERSUS                                            JUDGE: _____

ANYA ASHLEY, ROBERT ASHLEY &
CORVIAS MILITARY LIVING LLC                       MAG: _____
*****************************************************************************************

## COMPLAINT FOR DAMAGES
## AND RELATED STATE LAW CLAIMS

**1.**

**INTRODUCTION**

This is a lawsuit brought by Plaintiff ANGELA HERRINGTON on behalf of her minor children, CHRISTINA HERRINGTON and WYATT HERRINGTON, domiciled in Louisiana, for violation of state law claims under LA CC art. 2321 for damages caused by a dog attack on a minor child and LA CC art 2315.6 for mental anguish of the other minor child that witnessed the attack. Compensatory damages are sought against the ROBERT ASHLEY, ANYA ASHLEY, and CORVIAS MILITARY LIVING LLC who are liable either directly or indirectly for the dog attack, which occurred at Fort Polk, Louisiana.

**2.**

**JURISDICTION**

This action arises under the Diversity Jurisdiction pursuant to 28 U.S.C. 1332, as Plaintiff is a Louisiana citizen, Defendant ANYA ASHLEY and ROBERT ASHLEY are citizens of the State of Texas, and Defendant CORVIAS MILITARY LIVING LLC is a domiciliary of Rhode Island, whose principle place of business is in Rhode Island, and the claim is

expected to exceed $75,000 based on the damages to the minor children both physically and emotionally. Venue is proper under 28 U.S.C. section 1391 as the acts giving rise to the damages occurred on the federal military installation located at Fort Polk, Louisiana in Vernon Parish, Louisiana, Western District of Louisiana and that all alleged acts occurred within the jurisdiction of Vernon, and the Western District of Louisiana.

**3.**

Plaintiff is an adult residing in the Parish of Vernon, State of Louisiana, who is the parent and natural tutor of the two minor children at issue, CHRISTINA THOMAS and WYATT HERRINGTON, and upon information and belief, Defendants ANYA and ROBERT ASHLEY are adults who reside in the Parish of Vernon, Louisiana pursuant to Mr. Ashley's service in the United States Army, stationed at Fort Polk, Louisiana, and CORVIAS MILITARY LIVING LLC, hereinafter referred to as "CORVIAS."  Made Defendants are:

> ANYA ASHLEY and ROBERT ASHLEY, citizens of Texas, who are currently residents of Vernon parish, who at all times relevant to this complaint, are the owners of a vicious dog that caused damage to two minor children under LA CC arts. 2321 and 2315.6.

> CORVIAS MILITARY LIVING LLC, a business operation in Louisiana and domiciled with a principle place of business in Rhode Island, who at all times relevant to this complaint, had a duty to ensure that a vicious dog was not

present on the Fort Polk military installation and vicariously liable for state law delicts of ANYA ASHLEY and ROBERT ASHLEY through La. CC 2320.

## FACTUAL ALLEGATIONS

**4.**

On May 22nd, 2016, at on or about 1000 hours, the Plaintiff's children, CHRISTINA THOMAS and WYATT HERRINGTON, were walking to the playground on the Fort Polk military installation located in Vernon Parish, Louisiana, which was approximately one block from their home.

**5.**

At that time, the two children, aforementioned, were walking around the block to the playground behind housing.

**6.**

Once out of sight of the Plaintiff, a dog, fenced in a yard rented by the ASHLEYS, and on the way to the playground, was viciously barking on the other side of the fence where it was enclosed.

**7.**

The minor child, CHRISTINA THOMAS, ignoring the fenced dog, bent down to tie her shoe. This dog, on information and belief, owned by the Ashleys, fled the enclosure and viciously attacked WYATT HERRINGTON, in the presence of his sister, CHRISTINA THOMAS.

**8.**

The minor child, WYATT HERRINGTON, received many serious injuries, including but not limited to the back of his left forearm (7 cm gaping laceration), an avulsion/tear with muscle visible extending in ½ circle to the posterior distal arm, this laceration extends from medial to lateral epicondyle, the laceration extends only to sub cutaneous fat was torn off, with a chunk of his arm missing, 20-25 of stitches to repair the tear, traumatic psychological stress, mental anguish. The minor child was made to endure painful rabies shots, which is performed in a 6 shot series. On the first shot sequence, the minor child had two shots given to him while being held down. It took 4-5 people to hold him down during this shot sequence. On the second shot sequence, he was required to receive one shot, for which he was held down yet again. The first and second shot sequences occurred at the emergency room on separate days. The third through sixth shot sequences required 3 separate trips to the immunization clinic at BJAC. The child was required to make multiple trips to the orthopedics clinic also at Bayne-Jones. The minor child suffers severe post-traumatic stress from the attack, trips to the doctor's office, hospital, and clinics. To date, he has a 5 inch jagged scar on the back of his arm.

**9.**

The minor child, CHRISTINA THOMAS, being present during the attack, and participated in kicking the dog off of WYATT, received severe emotional distress and mental anguish from watching her brother be attacked. The distress CHRISTINA suffers is such that reasonably can be expected of a person in the same position of watching her special needs brother being attacked by a vicious dog, and to suffer serious mental anguish and

emotional distress from the experience, and her mental anguish and emotional distress is severe, debilitating, and foreseeable.

## 10.

At no time prior to or during the incident did the children provoke, harass, encourage, intimidate, or facilitate the attack of the dog in any way, as they were, at closest, approximately 200 feet away from the enclosure where the dog was housed.

## 11.

The minor child, WYATT HERRINGTON, which was ferociously attacked by the vicious dog, is moderately autistic, and the attack has seriously disrupted his life and the life of his family. The child, has suffered, such emotional distress that the family has had to give their animals to other individuals, as the child cannot be around dogs for fear of being attacked and is consistently receiving counseling. The only animal that the HERRINGTON's have is a very small dachshund, approximately 20 pounds, which the minor tolerates, after many months, but feels very skeptical about being around. Likewise, the minor child, CHRISTINA THOMAS, has the same fears and continues in counseling, as well. The effect on all children, especially the children at issue, is so severe that the family was forced to change homes, as all the children feared being attacked by going outside.

## 12.

The minor child WYATT had difficulty any time that he was outside and a dog would be present. This would result in him running away to hide, and would result in tears and on one occasion CHRISTINA hyperventilated due to the distress from being approached by a neighborhood dog, despite its friendly demeanor.

**13.**

Immediately after the attack, WYATT HERRINGTON, was rushed to the emergency room at Bayne Jones Hospital, where he received, extensive medical services and rabies shots.

**14.**

Also, immediately after the attack, ANYA ASHLEY, and her husband, ROBERT ASHLEY, grabbed the dog that attacked the minor child, loaded it into a vehicle, and took the animal away before the military police could arrive on scene. To date, no one, other than the owner, knows where the dog is located. The ASHLEYS are liable for the negligent fencing/securing of their dog, as well as vicariously liable for the delicts of their noxious animal.

**15.**

After the minor child, WYATT HERRINGTON, arrived home from the Bayne Jones Hospital, Defendant ANYA ASHLEY, came to their residence, admitted liability for the attack, apologized for the dog's behavior, and ensured the family that the dog was no longer living.

**16.**

Despite Defendant ANYA ASHLEY's, statement that the dog was no longer living, Plaintiff has seen pictures and videos of the dog and the owner playing at her new residence off the military base in Leesville, Louisiana with the animal.

**17.**

Plaintiff contends that Defendant CORVIAS is liable for the damages to the minor children under LA CC art. 2315.6.

**18.**

Defendant CORVIAS, had and has a duty to the members living in their housing units to safe guard against unreasonable dangers and risks of harm.

**19.**

Defendant CORVIAS has breached this duty, as they knew of the dog's presence on the military installation in housing, or should have known of the animal's existence therein.

**20.**

Plaintiff contends that prior reports have been filed pertaining to this particular dog and its vicious nature, as it tried to attack another neighbor's dog, Sophie Graham.

**21.**

Defendant CORVIAS' failure to properly inspect and safeguard against this vicious animal has resulted in the damages to the minor children described herein above.

**22.**

Defendant CORVIAS is aware of the dangerous nature of the type of dog that attacked the minor child at issue, as Section 4-7 of Corvias Military Living Responsibility Guide, indicates a list of dangerous breeds that are not permitted to reside in housing, including but not limited to Pit Bulls, which is the breed type of the animal at issue.

**23.**

The Defendants, ANYA ASHLEY, ROBERT ASHLEY, and CORVIAS, actions were malicious and recklessly indifferent to the Plaintiff's right to be free from harm and damages while residing in military housing.

**24.**

Plaintiff demands TRIAL BY JURY.

### PRAYER FOR RELIEF

Plaintiff request that this Court assume jurisdiction over this cause, grant her compensatory, costs, judicial interest running from date of demand, and award all other proper relief. Plaintiff further prays that the vicious dog will be produced and destroyed to ensure that the same does not ever again occur.

Respectfully Submitted,

/s/ JOSEPH J. LONG, ESQ
Joseph J. Long, Bar # 25968
LAW OFFICES OF JOSEPH LONG
251 Florida St., Ste. 308
Baton Rouge, LA 70801
Phone: 225-343-7288
Facsimile: 225-267-5664
Josephjlong@juno.com

/s/ Mary K. Beaird
Attorney at Law
La. Bar Roll #34,440
303 E. Texas Street
Leesville, LA 71446
T (337) 944- 0299
F (337) 415- 0081
Mkb@marykbeaird.com

/s/ Wesley R. Bailey
Attorney at Law
La. Bar Roll #32,092
303 E. Texas Street
Leesville, LA 71446
T (337) 718-3561
F (337) 628-2154
Bailey.wes@gmail.com