UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANGELA HERRINGTON** | **CASE NO. 2:17-CV-00643** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ANYA ASHLEY ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is plaintiff's Motion for Default Judgment as to Anya Ashley and Robert Ashley [doc. 40], the sole remaining defendants in this matter. A hearing on the matter was held on November 5, 2020, pursuant to Federal Rule of Civil Procedure 55. Doc. 44. The motion is unopposed and and is now ripe for review.

## I.
### BACKGROUND

Plaintiff Angela Herrington filed suit in this court on behalf of her children, C.T. and W.H. Doc. 1. There she sought compensatory damages, costs, and judicial interest under Louisiana tort law, Civil Code articles 2321 and 2315.6. The damages were allegedly sustained by her children as a result of a dog attack that occurred on Fort Polk, Louisiana, where the family then resided. *Id.* As defendants plaintiff named the dog owners, Anya and Robert Ashley, and the company operating base housing, Picerne-Fort Polk Funding, LLC ("Picerne-Fort Polk"). *Id.*; *see* doc. 5 (answer confirming correct name of Picerne-Fort Polk). On Picerne-Fort Polk's motion for summary judgment, the court determined that the attack was solely due to the fault of the dog owners, who have never made an answer or

otherwise appeared in this matter. Doc. 37. Default was entered as to the dog owner defendants on August 29, 2019. Doc. 16. Accordingly, the court also instructed plaintiff to file a motion for default judgment against Anya and Robert Ashley. Docs. 37, 38. Plaintiff did so on October 5, 2020, seeking damages for the physical and emotional injuries sustained by the children. Doc. 40.

Documents submitted by Picerne-Fort Polk in support of the motion for summary judgment confirmed the basic account of the attack in the complaint: the Ashleys kept a pit bull at their base housing, in violation of base housing rules banning the breed, and deliberately sought to conceal the animal's breed by registering it as a Labrador mix and not complying with the requirement that the animal be examined and tested by the base veterinary clinic. The animal then attacked the Herrington children one day while they were walking near the Ashleys' residence. Afterwards, the Ashleys sought to further conceal their fault by transporting the dog off base and lying that it had been put down. *See* doc. 37, pp. 1–3. When these actions were uncovered, Anya Ashley was court-martialed. At a hearing she later pleaded guilty to charges of making a false statement and disobeying a general order, and apologized profusely for her deceptions. Doc. 24, att. 5.

At the hearing on this matter, plaintiff's counsel submitted exhibits attempting to confirm the extent of the children's injuries. Medical records show that W.H. was a five-year-old child at the time and that he has been diagnosed with autism. *See* doc. 45, att. 5. Photographs and medical records also show that he sustained a large, deep dog bite to his arm, which required several stitches, and that he had to be treated with rabies shots. *See* doc. 45, atts. 1 & 5. Medical records show that plaintiff C.T. was a teenager at the time of

the attack. *See* doc. 45, att. 4. She did not sustain any physical injury but she experienced and sought treatment for anxiety and depression relating to the event months after it had occurred. *Id.* Billing records show that treatment costs were low, totaling $2,293.84.[1] Doc. 45, att. 6. Plaintiff has also submitted records showing costs in the amount of $50 (bill for service) and $400 (filing fee). Doc. 45, atts. 7 & 8.

## II.
## LAW & APPLICATION

Generally, on a motion for default judgment "[d]amages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Plaintiff seeks damages under Louisiana Civil Code articles 2315.6 and 2321. The latter provides in relevant part:

> The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog.

La. Civ. Code art. 2321. Louisiana Civil Code article 2315.6 provides for bystander damages for negligence where (1) the plaintiff witnessed the event or came upon the scene immediately thereafter; (2) the plaintiff is one of several categories of persons, including siblings, who are entitled to recover under the statute; and (3) the injured person "[suffered]

---

[1] Plaintiff's counsel argued that costs were low because the children were treated at the base hospital.

such harm that one can reasonably expect a person in the [plaintiff's] position to suffer serious mental anguish or emotional distress from the experience . . . ." La. Civ. Code art. 2315.6.

No account of the attack alleges provocation by the defendants and defendant Anya Ashley admitted to her fault at a court martial. Given the dangerous nature of the breed, the restrictions on the breed as outlined under base housing rules, and defendants' deliberate efforts to evade these rules, strict liability is well established under the exhibits submitted by Picerne-Fort Polk in the motion for summary judgment, supra. Additionally, the gruesome nature of the attack and C.T.'s presence at the scene supports plaintiff's claim for damages under article 2315.6. Accordingly, the subject of this ruling is damages.

Plaintiff's counsel did not submit any affidavits or present any testimony. Her arguments at the hearing are not evidence. Accordingly, the court is left with the medical records, bills, and photographs. But these are sufficient to show that W.H., a young child, sustained a painful and serious injury evidently caused by a vicious attack. They also show that W.H. continued to suffer through the treatment of the injury, with follow-up visits for rabies injections to his abdomen. C.T.'s records show that she was traumatized by witnessing the attack. While there is no evidence of long-term effects on either child, the ordeal of the attack and treatment period is sufficient to justify a substantial award of damages.

Under Louisiana law, courts have awarded or approved general damages between $5,000 and $45,000 for non-surgical dog bites. *See McBride v. XYZ Ins.*, 935 So.2d 326 (La. Ct. App. 2d Cir. 2006); *Thibodeaux v. Krouse*, 991 So.2d 1126 (La. Ct. App. 1st Cir.

2008); *Smegal v. Gettys*, 48 So.3d 431 (La. Ct. App. 1st Cir. 2010); *Kshirsagar v. State Farm Ins. Co.*, 300 So.3d 914 (La. Ct. App. 2d Cir. 2020). In this matter, given the age of W.H., the gruesome nature of the injury, and the further pain inflicted as a result of the rabies shots, an award of $50,000 in general damages to him is justified. C.T. is entitled to $10,000 in general damages for the trauma she experienced witnessing the attack and the evident psychological injury it inflicted. Plaintiff is also due special damages in the amount of $2,293.84, costs in the amount of $450, and prejudgment judicial interest at Louisiana's statutory rate of 5.75 percent, running from the date of judicial demand. *See* La. Rev. Stat. § 13:4202(B)(1) (setting judicial interest rate); *id.* at § 13:4203 (providing that interest runs from date of demand in delictual actions). Finally, plaintiff is entitled to post-judgment interest on the principal amount and prejudgment interest from the date of this judgment until paid. The rate for this interest is the federal statutory rate. *See* 28 U.S.C. § 1961.

### III.
#### CONCLUSION

For the reasons set forth above, the Motion for Default Judgment [doc. 40] will be **GRANTED** as to defendants Anya and Robert Ashley with damages awarded in the amount described above.

**THUS DONE AND SIGNED** in Chambers on this 13th day of November, 2020.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**